FILED

2016 Oct-14  PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| AFC FRANCHISING, LLC, d/b/a | ) | |
| AMERICAN FAMILY CARE and | ) | |
| AFC/DOCTORS EXPRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:15-cv-02150-SGC |
| | ) | |
| PRACTICE VELOCITY, LLC, and | ) | |
| DAVID STERN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

On September 19, 2016, Plaintiff AFC Franchising, LLC, d/b/a American Family Care and AFC/Doctors Express ("AFCF"), filed an amended complaint against Defendants Practice Velocity, LLC ("Practice Velocity"), and David Stern, seeking compensatory and punitive damages.  (Doc. 29).  This matter is before the court on a motion to dismiss the amended complaint pursuant to Rule 12(b)(2) and (3) of the *Federal Rules of Civil Procedure*.  (Doc. 31). Defendants claim this court lacks personal jurisdiction and venue is improper.  (*Id.*).  Plaintiff responded (Doc. 23) and supplemented its evidentiary submissions (Doc. 35).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 19).  For the reasons that follow, the motion to dismiss for lack of personal jurisdiction or, in the alternative, for improper venue (Doc. 31) will be denied.

## II.      DISCUSSION

### A.  Personal Jurisdiction

First, Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), arguing they are not subject to the general or specific personal jurisdiction of this court.  (Doc. 31 at 4-16). According to the Supreme Court, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Federal courts use a two-step analysis to determine whether personal jurisdiction over an out-of-state defendant is proper.  *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  In the first step, the court determines whether the State's long-arm statute extends jurisdiction over the defendant.  *Id.*  In the second step, the court determines whether exercising personal jurisdiction over the out-of-state defendant would violate the Due Process Clause of the Fourteenth Amendment.  *Id.*  To determine whether the Due Process Clause is violated, the court determines whether the defendant had "minimum contacts with the forum state" and whether the exercise of personal jurisdiction over the defendant "would offend 'traditional notions of fair play and substantial justice.'"  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Int'l Shoe*, 326 U.S. at 316).

### 1.  General In Personam Jurisdiction

As explained by the Supreme Court, general in personam jurisdiction (also referred to simply as "general jurisdiction") exists where a defendant's contacts with the forum "are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Daimler*

*AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011)).   General jurisdiction is considered "all-purpose" jurisdiction. *Daimler*, 134 S.Ct. at 751.   Here, Defendants do not have such "continuous and systematic" contacts with the State of Alabama as to render them "essentially at home" here.   *Id.* at 754. David Stern does not maintain a residence or an office in Alabama.   (Doc. 29 at 6).   Stern does not travel to Alabama to provide support to Practice Velocity's licensees, nor does Practice Velocity send other employees to the State of Alabama to provide support.   (*Id* at 8).   Practice Velocity has only four licensees of its software located in Alabama (*Id.*), and such few contacts are not so "continuous and systematic" as to render Practice Velocity "at home" in Alabama.[1] Therefore, this court does not have general jurisdiction over Defendants.

### 2.   Specific In Personam Jurisdiction

Specific in personam jurisdiction (or "specific jurisdiction") is conduct-linked jurisdiction and exists where "an alleged injury arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not otherwise offend fair play and substantial justice."   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (internal quotation omitted).   In discussing whether the present allegations meet this requirement, Plaintiff raises the effects test announced by *Calder v. Jones*, 465 U.S. 783 (1984).   (Doc. 23 at 5-11).   The *Calder* effects test requires that the defendant: 1) intentionally harmed the plaintiff; 2) knew the majority of the harm would be felt in the forum; and 3) must

---

[1] Plaintiff filed documents which purport to show Practice Velocity's business in Alabama is more extensive than it admits.   (Doc. 35).   These documents appear to indicate Practice Velocity has a "client" in Auburn, but as Plaintiff notes, it is not clear from the evidence submitted whether this business relationship is one of the four licensor/licensee relationships identified by Defendants in their briefing. (Doc. 29 at 8).   Because the court is able to reach a conclusion without reference to the appended materials, it has not considered them in the reasoning underlying this order.

have "reasonably anticipate[d] being haled into court" in the forum.  *Calder*, 465 U.S. at 784.  Where the test's elements are met, the court has personal jurisdiction.  *Id.*

Here, accepting Plaintiff's allegations as true, Defendants intentionally wrote an article and published it on the internet describing "the one and only urgent care franchising company." (Doc. 29-1 at 3).  If AFCF is the one and only urgent care franchising company in the country, clearly Defendants were referring to AFCF.  Additionally, because Defendants were aware AFCF was the sole urgent care franchising company in the country, Defendants cannot claim the article was not intended to harm AFCF.  Because AFCF is operating under the laws of the State of Alabama and has its principal place of business in Birmingham, Alabama, Defendants did or reasonably should have anticipated the harm would be felt by AFCF in Alabama.  Based on the *Calder* effects test, Defendants are subject to the personal jurisdiction of the court in the Northern District of Alabama.

### B.  Venue

Venue is proper in: (1) a judicial district where any defendant resides, so long as all defendants are residents of the State where that district is located; (2) any judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) if no district exists satisfying (1) or (2), venue is proper in any district in which any defendant is subject to personal jurisdiction with respect to the action in question.  *See* 28 U.S.C. § 1391(b).  Venue is proper in the Northern District of Alabama because this is a judicial district in which a substantial part of the events giving rise to the claim occurred.  28 U.S.C. § 1391(b)(2).

According to the Eleventh Circuit, "[o]nly the events that directly give rise to a claim are relevant" to a venue analysis under subsection (b)(2).  *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).  Further, "only those locations hosting a 'substantial part' of the

events are to be considered." *Id.*  The events giving rise to Plaintiff's claim are Stern's alleged authorship of a libelous article and Practice Velocity's publication of that article on the internet. (Doc. 29 at 3).  Therefore, venue is at least proper in Illinois because that is where the writing occurred.  (*Id.*).

Plaintiff argues venue is proper in the Northern District of Alabama because Plaintiff's principal place of business is in Birmingham, Alabama, and Defendants' libelous statements were published in the Northern District of Alabama.  (Doc. 29 at 2).  Venue does not turn solely on the location of a plaintiff's principal place of business.  But in cases alleging a non-physical tort, it has been the common approach in the Eleventh Circuit that venue may be established under § 1391(b)(2) in the location where the plaintiff suffered harm.  *See Capital Corp. Merch. Banking, Inc. v. Corporate Colocation, Inc.*, No. 07-1626, 2008 WL 4058014, at *3 (M.D. Fla. Aug. 27, 2008) (venue was established pursuant to 28 U.S.C. § 1391(b)(2) because the plaintiff suffered harm to its reputation in the Middle District of Florida, as well as economic loss).[2]  As part of its reasoning, the Eleventh Circuit stated that, in the age of the internet, it is important to note "the harm from an online defamatory statement can occur in any place where the website or forum is viewed."  *Capital Corp. Merch. Banking*, 2008 WL 4058014, at *3.  Therefore, under 28 U.S.C. § 1391(b)(2), venue is generally proper "where the injured party resides and the defamatory statements were published."  *Id.*

On a motion to dismiss, the court is required to accept as true all factual allegations in Plaintiff's complaint.  *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

---

[2] *See also Eskin v. Rosen*, 2015 WL 8757062, at *4-6 (S.D. Ga. Dec. 11, 2015) (holding that in the context of non-physical torts such as defamation, venue is proper "where the injured party resides and the defamatory statements were published.") (quoting *Capital Corp. Merch. Banking*, 2008 WL 4058014, at *3) (internal quotation omitted); *Chapin Revenue Cycle Management, LLC v. JDA eHealth Systems, Inc.*, 2012 WL 469824 (M.D. Fla. Feb. 13, 2012) (holding valid plaintiff's argument that venue was proper because plaintiff was injured within the district).

Plaintiff has its principal place of business in Birmingham, Alabama.  Plaintiff, therefore, resides in this district.  28 U.S.C. § 1391(c)(2) ("an entity … shall be deemed to reside, … if a plaintiff, only in the judicial district in which it maintains its principal place of business."); *see Tobinick*, 2015 WL 328236 at *3.  Furthermore, Plaintiff's alleged harm in the State of Alabama is accepted as a fact.  (Doc. 29 at 5).  Venue is therefore proper where Plaintiff resides, i.e., in the Northern District of Alabama.  (Doc. 29 at 2); *see Tobinick v. Novella,* No. 14-80781, 2015 WL 328236, at *3 (S.D. Fla. Jan. 23, 2015) ("where defamation is alleged, venue under § 1391(b)(2) is generally appropriate in the District in which the injured party resides.").

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, for improper venue (Doc. 31) is **DENIED**.

**DONE** this 14th day of October, 2016.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE